EXCISE BOARD — CONFLICT OF INTEREST There is no specific statutory language to prohibit the county ex cise board from hearing a matter concerning a school district where the wife of the chairman of the county excise board is also the chairman of the board of education. There is no general conflict of interest law applicable to units of government other than at state level. However, it should be noted that 68 O.S. 2457 [68-2457] (1971) is penal in nature and any complaint concerning a violation should be presented to the District Attorney in the jurisdiction where the Board is located for the consideration of the filing of criminal charges as in any other criminal case. The Attorney General's Office is in receipt of your opinion request wherein you ask the following question: "Would it be a conflict of interest for the Chairman of the County Excise Board to hear matters concerning disposition of ad valorem taxes to a school district when his wife is the Chairman of the Board of Education?" Title 68 O.S. 2457 [68-2457] (1971) provides for county boards of equalization, their members and restrictions imposed. Section 68 O.S. 2457 [68-2457] provides in part: "From and after the effective date of this article, it shall be unlawful for any member of the county board of equalization or the county excise board to sell or contract to sell, or to lease or contract to lease, or to represent any person, firm, corporation, or association in the sale or the lease of any machinery, supplies, equipment, material, or other goods, wares, or merchandise to any county, city, or town of the county. It shall also be unlawful for any member of the county board of equalization or the county excise board to serve as employee, official, or attorney for any county, city, or town of the county, or for any such member to represent any taxpayer before his own board in any manner, or to use his position as a board member to further his own interests. It shall also be unlawful for any taxpayer or interested party to employ any member of the county excise board in any manner, before the board. Any person violating any of the provisions of this section shall be deemed guilty of a felony, and upon conviction thereof shall be punished by a fine of not less than Two Hundred ($200.00) Dollars and not more than One Thousand ($1,000.00) Dollars or by imprisonment in the state penitentiary for not less than six (6) months or more than two (2) years, or by both such fine and imprisonment." It is clear from the above-quoted statutory provision that the fact situation outlined in your request is not dealt with directly. There is no specific language to prohibit the county excise board from hearing a matter concerning a school district when the wife of the chairman of the county excise board is also the chairman of a board of education. There is no general conflict of interest law applicable to units of government other than at the state level. However, it should be noted that the statute above quoted is penal in nature and any complaint concerning a violation should be presented to the District Attorney in the county wherein the board is located for the consideration of the filing of criminal charges as in any criminal case. It is, therefore, the opinion of the Attorney General that the ultimate question of whether Section 68 O.S. 2457 [68-2457] has been violated must be answered in the following manner. There is no specific statutory language to prohibit the county excise board from hearing a matter concerning a school district where the wife of the chairman of the county excise board is also the chairman of the board of education. There is no general conflict of interest law applicable to units of government other than at state level. However, it should be noted that 68 O.S. 2457 [68-2457] (1971) is penal in nature and any complaint concerning a violation should be presented to the District Attorney in the jurisdiction where the Board is located for the consideration of the filing of criminal charges as in any other criminal case. (Donald B. Nevard)